# EXHIBIT "A"

THIS IS NOT AN ARBITRATION MATTER
A JURY OF 8 PERSONS IS DEMANDED.
ASSESSMENT OF DAMAGES HEARING IS REQUIRED.

*Filed and Attested by the
Office of Judicial Records
30 SEP 2022 01:49 pm
I. LOWELL*

**MATTIACCI LAW, LLC**
Attorneys:  William J. Coppol, Esq./John A. Mattiacci, Jr., Esq.
Attorney ID Nos.: 84666; 89657
1500 John F. Kennedy Boulevard, Suite 620
Philadelphia, PA 19102
P: (215) 914-6919
F: (215) 914-6958                                               Attorneys for Plaintiff

---

| | | |
|---|---|---|
| **VERA DOMINIAK** | : | PHILADELPHIA COUNTY |
| 7601 Revere St. | : | COURT OF COMMON PLEAS |
| Philadelphia, PA 19152 | : | |
| | : | |
| Plaintiff | : | LAW DIVISION |
| v. | : | |
| | : | SEPTEMBER TERM, 2022 |
| **PETSMART, INC. d/b/a PETSMART** | : | |
| 7422 Bustleton Ave. | : | |
| Philadelphia, PA 19152 | : | NO.: |
| Defendant | : | |

**"NOTICE"**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgement may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or premises or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOU LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**PHILADELPHIA BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
One Reading Center
Philadelphia, Pennsylvania 19107
(215) 238-1701**

**"AVISO"**

Le han demandado a usted en la corte. Si usted quiere defenderse do estas demandas expuestas en las páginas siguients, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparenca escrita o en persona o con un abagado y entregar a la corte en forma escrita sus defensas o sus objecciones a las demandas en contra de su persona. Sea avisado que si usted no de defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificaion. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABAGADO O SI NO TIENE EL DINERO SUFICIENTE DE PARGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL**

**ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICO DE REFERENCA E INFORMACION LEGAL
One Reading Center
Filadelfia, Pennsylvania 19107
Telefono: (215) 238-1701"**

Case ID: 220903052

**CIVIL ACTION COMPLAINT**
**NEGLIGENCE – 2S – PREMISES LIABLITY**

Plaintiff, Vera Dominiak, by and through her attorneys Mattiacci Law, LLC, upon information and belief claims of defendant, PetSmart, Inc., d/b/a Petsmart, sums of monetary damages upon causes of action whereof the following are true statements:

1. Plaintiff, Vera Dominiak, is an adult individual and citizen of the Commonwealth of Pennsylvania who resides at 7601 Revere St., Philadelphia, PA 19152.

2. Defendant, PetSmart, Inc. d/b/a Petsmart, is upon information and belief a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 7422 Bustleton Ave., Philadelphia, PA 19152 and which, at all relevant times herein, had engaged in business within the County of Philadelphia, Commonwealth of Pennsylvania, on a regular, systematic, continuous and substantial basis.

3. Defendant, PetSmart, owned, possessed, inspected, maintained, repaired, leased, and/or controlled and/or had the right to control the interior of the Petsmart store located at 7422 Bustleton Avenue, Philadelphia, PA 19152.

4. At all times relevant hereto, defendant owned, leased, possessed, controlled, maintained and inspected the premises.

5. At all times relevant hereto, defendant acted by and through its respective agents, servants, workmen, and ostensible agents acting with the course and scope of their employment or agency.

6. On or about November 8, 2020, Plaintiff, Vera Dominiak was seriously injured while she was a business invitee at the PetSmart store located at 7422 Bustleton Ave., Philadelphia, PA 19152 (hereinafter referred to as "premises").

7. Plaintiff slipped and fell on the premises due to an unsafe, unsanitary and negligently cleaned floor when she stepped on a puddle of water and/or dog urine inside the premises causing her to fall and suffer severe, permanent and debilitating personal injuries.

Case ID: 220903052

8. At the time and place aforesaid, Plaintiff was caused to sustain serious injuries as a result of slipping and falling on the dangerous, unsanitary and negligently cleaned floor containing water and/or dog urine on the premises.

9. At all times relevant hereto, defendant owned, leased, operated, managed, maintained, controlled and supervised the premises and were responsible for the management, control and maintenance of the premises, including inside the premises where Plaintiff slipped and was injured.

10. At all times relevant hereto, defendant owned, leased, occupied, controlled, or was otherwise responsible for the premises, including the area where Plaintiff was injured, and maintained control of the premises.

11. At all times relevant hereto, defendant failed to employ competent personnel to maintain the premises and to identify, locate and remove or correct hazardous conditions on the floor in the premises, including the area where Plaintiff fell.

12. Defendant had actual or constructive knowledge of the unsafe and negligently cleaned floor where Plaintiff fell prior to Plaintiff's incident.

13. Defendant knew or in the exercise of reasonable care should have known that allowing dogs to go to the bathroom and leave waste/excrement/urine on the floor of the premises would create a safety and slipping hazard to business invitees such as Plaintiff.

14. Plaintiff avers that it was the duty of the defendant, as owner, leaser, occupier and manager of the premises, to exercise reasonable care to maintain the premises in order to protect Plaintiff from injuries, either by personally inspecting the premises, cleaning the water/waste/excrement/urine, not permitting dogs to go to the bathroom inside the premises, or by other affirmative acts such as warning Plaintiff of the existence of the aforesaid dangerous condition of the premises.

15. At the time and place aforesaid, defendant so carelessly and negligently owned, leased, maintained, inspected, managed, occupied, and cleaned the premises, including the floor of the premises

Case ID: 220903052

where Plaintiff slipped and was injured, that Plaintiff was caused to sustain the serious injuries more specifically set forth hereafter.

## COUNT I – NEGLIGENCE
## VERA DOMINIAK v. PETSMART, INC. d/b/a PETSMART

16. Plaintiff hereby incorporates by reference all previous paragraphs of this Complaint the same as if fully set forth hereinafter.

17. Plaintiff Vera Dominiak's injuries and damages were caused by the negligence and carelessness of defendant, acting by and through its respective agents, servants, workmen, contractors, subcontractors and/or employees, in that defendant:

   a. failed to exercise reasonable care in the maintenance of the premises, including the floor of the premises;

   b. failed to inspect and maintain the premises in a condition free of slipping hazards;

   c. failed to warn or adequately warn Plaintiff of the dangerous condition which the defendant knew or should have known existed for a considerable period of time, specifically the unsafe and negligently cleaned floor of the premises;

   d. allowed the premises to remain in an unsafe and dangerous condition;

   e. allowed the premises to remain in an unsafe, dangerous and unsanitary condition when defendant knew that business invitees would walk in the premises;

   f. allowed the premises to remain in an unsafe, dangerous and unsanitary condition, that would cause pedestrians to slip and become injured when defendant knew that business invitees would walk in premises and could slip on water/dog waste, excrement, and/or urine;

   g. failed to train their employees to recognize dangerous conditions in the premises such as cleaning water/dog waste, excrement, and/or urine on which Plaintiff slipped;

   h. failed to properly correct the unsafe, dangerous and unsanitary condition in the premises and properly clean the floor that caused Plaintiff to slip and become injured;

   i. failed to utilize warning signs, caution, tape, or other warnings, signs and/or barriers in the area of the hazardous condition that injured plaintiff;

   j. failed to warn plaintiff of the peculiar, dangerous and unsafe conditions then and there existing upon the premises by placing warning signs, including but not limited to, signs indicating "CAUTION," yellow caution signs, caution tape and/or orange safety cones in the area of the defect;

    k.    failed to secure and barricade the area as to prevent plaintiff from entering the area;

    l.    allowed the floor to remain covered with water, dog waste, excrement and/or urine creating an unsafe condition for business invitees;

    m.    allowed a slipping condition to exist on their premises;

    n.    failed to properly clean the premises and keep it free of water, waste, excrement and/or urine and other debris;

    o.    failed to properly and adequately inspect and maintain the premises to ensure that unsuspecting persons such as plaintiff would not be injured;

    p.    breached defendants' duties under various sections of the Restatement of Torts (Second), including but not limited to sections 332 and 343;

    q.    failed to properly train and supervise its agents, servants, employees, workmen contractors, subcontractors and slipping hazard removal personnel with regard to identifying, correcting and removing slipping hazards;

    r.    failed to select, hire, employ, supply and contract with competent employees, agents, cleaners and contractors/subcontractors;

    s.    failed to warn plaintiff, a business invitee, of the dangerous and unsafe conditions existing on defendants' premises such as allowing an unsafe, unsanitary and dangerous condition to remain in the premises causing unsafe walking conditions;

    t.    failed to adopt, enact, employ and enforce proper and adequate safety programs, precautions, procedures, measures and plans for removing slipping hazards on the premises;

    u.    permitting a dog and other pets to go to the bathroom inside the premises and have waste, excrement and/or urine remain on the floor that caused plaintiff to fall; and

    v.    failed to hire competent employees, agents, contractors or subcontractors to inspect, clean up, repair and maintain the premises.

18.    By reason of the negligence and carelessness of defendant as aforesaid, Plaintiff, Vera Dominiak, sustained severe, permanent and debilitating personal injuries. She experienced an immediate onset of pain after slipping and falling on the defendant's premises causing injuries, including but not limited to, bilateral knee pain, right shoulder pain radiating down the right arm, internal derangement of the left knee. She underwent cortisone injections into her right shoulder and both knees. She underwent a course of physical therapy as well as follow-up care and treatment. She has suffered loss

of sleep. She suffered other orthopedic, neurological and psychological injuries, the full extent of which has yet to be determined. She has required diagnostic testing including CT scans of the upper and lower extremities and bilateral EMG to her lower extremities. She has in the past and may in the future require medicines, medical care and treatment. She has in the past and may in the future incur bills, expenses and costs associated with his medical care and treatment. She has in the past and may in the future continue to suffer agonizing aches, pains and mental anguish. She has in the past and may in the future be disabled from performing her usual duties, occupations and avocations, all to her great loss and detriment.

19. By reason of the carelessness and negligence of defendant as aforesaid, Plaintiff, Vera Dominiak, has sustained and is making a claim for pain and suffering, loss of physical function, permanent physical, mental and psychological injuries, humiliation and embarrassment, loss of life pleasures, loss of life's hedonic pleasures, loss of earnings and earning capacity and any and all of the damages to which she is entitled or may be entitled under the laws of

**WHEREFORE**, Plaintiff, Vera Dominiak, claims of defendant, sums in excess of Fifty Thousand Dollars ($50,000.00) in compensatory damages, delay damages pursuant to Pa. R.C.P. 238, interest and allowable costs of suit and brings this action to recover same.

          **MATTIACCI LAW, LLC**

BY:      /S/
        William J. Coppol, Esquire
        John A. Mattiacci, Jr., Esquire
        Attorney for Plaintiff,
        Vera Dominiak

Case ID: 220903052

*Filed and Attested by the
Office of Judicial Records
30 SEP 2022 01:49 pm
I. LOWELL*



## VERIFICATION

The averments or denials of fact contained in the foregoing are true based upon the signer's personal knowledge or information and belief. If the foregoing contains averments which are inconsistent in fact, signer has been unable, after reasonable investigation, to ascertain which of the inconsistent averments are true, but signer has knowledge or information sufficient to form a belief that one of them is true. This Verification is made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

_____

Case ID: 220903052